In the Matter of the Application of ADELIA L. OTIS, Executrix, etc., et al.

After inquisition found and the appointment of a committee of the estate of a lunatic, the court has jurisdiction to direct the application of the estate to the payment of demands existing against it, and this relief may be granted on petition of a claimant.

Where the estate is insufficient to pay the debts, the assets, personal as well as real, must be distributed ratably among all the creditors; the petitioning creditor is not entitled to a preference.

A claim for rent under a lease to the lunatic, whether accruing before or after the appointment of a committee, has no intrinsic preference over his other debts, and in the absence of some special equity growing out of the circumstances of the particular case, the landlord comes in simply as a general creditor for the rent unpaid.

*It seems* that if the leased premises are occupied by the committee and such occupation is to the advantage of the estate, as when it is necessary

to carry on or close up the business of the lunatic, the rent accruing during such occupation will be regarded as a reasonable expense incurred by the committee to be paid before the claims of other creditors.

As, however, the committee takes no title to the estate, he being a mere bailiff to take charge of it, such occupation by him for a time does not make him liable as assignee for the term, it creates no privity of estate between him and the lessor.

The distinction between such a case and that of a receiver or assignee in bankruptcy pointed out.

Where, therefore, the committee of the estate of a lunatic continued to carry on his business, occupying for that purpose premises held by him under a lease for a term of years, and thereafter the committee resigned and a new one was appointed who closed up the business, and upon petition of the landlord that said committee be required to pay rent subsequently accruing, it appeared that the committee had not occupied the premises during any portion of the quarter for which rent was claimed, also that the estate was insolvent, *held*, that the prayer of the petition was properly denied; that he was not entitled to a preference, but simply to come in and share with the other creditors.

(Argued March 2, 1886 ; decided March 16, 1886.)

APPEAL from order of the General Term of the Supreme court, in the first judicial department, made January 13, 1886, which reversed an order of Special Term, directing Eustace Conway as committee of the estate of Oscar Strasburger, a lunatic, to pay rent accruing under a lease to the lunatic of certain premises in the city of New York. The order appealed from also denied the prayer of the petitioners, the lessors. (Reported below, 38 Hun, 597.)

On September 17, 1884, said Strasburger was adjudged a lunatic, and a committee of his estate appointed ; he was, prior to that, engaged in business in New York city, occupying for that purpose premises leased to him by the petitioners for a term of years, for an annual rent payable in quarterly installments. The committee so appointed continued the business ; said committee resigned and Mr. Conway was appointed ; he did not continue the business and never occupied or used the premises. The petition prayed that he be required to pay the quarter's rent falling due under the lease May 1, 1885. It appeared that the estate was utterly insolvent.

*John L. Cadwalader* for appellants.    Where an assignee, a receiver or a committee takes deliberate possession of demised premises and uses them for the estate, he becomes in equity an assignee of the lease. (Taylor on Landl. & Ten., §§ 437–444; *Martin* v. *Black*, 9 Paige, 644; *Young* v. *Peyser*, 3 Bosw. 308; *Astor* v. *Lent*, 6 id. 612; *Morton* v. *Pinkney*, 8 id. 135, .139–40; *Jones* v. *Hausmann*, 10 id. 168; *In re Catherine Wolfe*, Sup. Ct., Sp. Term, Sept. 17, 1878, MSS., per DANIELS, J.; *People* v. *Nat. Trust Co.*, 82 N. Y. 283; *Woodruff* v. *E. R. Co.*, 93 id. 609, 624; *People* v. *Un. L. Ins. Co.*, 30 Hun, 142; *In the Matter of Otis*, 34 id. '42; *Moore* v. *Higgins*, 20 Weekly Dig. 123.)    An assignee who has deliberately assumed a lease cannot rid himself of it by a notice or by expressing a wish to avoid further liability. (Taylor on Landl. & Ten. [5th ed.], §§ 444, 461; *People* v. *Nat. Trust Co.*, 82 N. Y. 283.)    The term "assignee" is very comprehensive, and extends to all persons taking the estate in the lease, either by act of the party or by operation of law. (2 Platt on Leases, 419; *Hannon* v. *Stevenson*, 2 B. & Ald. 303; *People* v. *Nat. Trust Co.*, 82 N. Y. 283; *Woodruff* v. *Erie R. Co.*, 93 id. 624; *People* v. *Nat. Trust Co.*, 82 id. 283.)    If the estate once becomes vested, nothing short of a deed of conveyance or an assignment of the lease will discharge the assignee from liability.    (2 Platt on Leases, 449; Taylor on Landl. & Ten., § 452; *Lewis* v. *Burr*, 8 Bosw. 148; *Tate* v. *McCormick*, 23 Hun, 218.)    The committee is in possession by his sub-tenants.    The possession of the sub-tenant is his possession. (Taylor on Landl. & Ten. [7th ed.], §§ 444, 461; *Carter* v. *Hanmett*, 18 Barb. 608; *Moore* v. *Higgins*, 20 Weekly Dig. 123.)    It is not material from what source the fund in the committee's hands has come; he must discharge this liability from any funds that he may have in his hands. (*Moore* v. *Higgins*, 20 Weekly Dig. 123; *Woodruff* v. *Erie R. Co.*, 93 N. Y. 623.)    The petitioners are entitled to recover their rent by a summary order, such as was made at Special Term.    (*People* v. *Nat. Trust Co.*, 82 N. Y. 283; *People* v. *Un. L. Ins. Co.*, 30 Hun, 142; *Woodruff* v.

*Erie R. Co.*, 93 N. Y. 619–20; *In the Matter of Otis*, 34 Hun, 542.)

*Francis Lynde Stetson* for respondent. By accepting appointment as temporary committee, Mr. Conway did not become chargeable with the payment of rent to the petitioners, except in due course of administration of the lunatic's estate which was insolvent. (*People* v. *Nat. Trust Co.*, 82 N. Y. 283–287; *Martin* v. *Black*, 9 Paige, 641; 34 Hun, 542; *Howard* v. *Heinerschitt*, 16 id. 177.) A receiver, and consequently a committee, has a right to waive a term under a lease. (*Martin* v. *Black*, 9 Paige, 641; *Woodruff* v. *Erie R. Co.*, 93 N. Y. 609–624.) The committee cannot become by operation of law or equity the assignee of a lease which had been made to the lunatic. (*Copeland* v. *Stephens*, 1 Barn. & Ald. 594; *Ferrin* v. *Myrick*, 41 N. Y. 319; *Drury* v. *Fitch*, Hutton, 16.)

ANDREWS, J. The jurisdiction confided to the court over the persons and estates of lunatics, carries with it as a necessary incident, after inquisition found and the appointment of a committee, the power to direct the application of the estate of the lunatic to the payment of demands existing against it, and this relief may be granted on the petition of the claimant. (*Exrs. of Brasher* v. *Van Cortland*, 2 Johns Ch. 244; *In re Heller*, 3 Paige, 199, 200; *People* v. *Nat. Trust Co.*, 82 N. Y. 283.) This jurisdiction in its origin was equitable, and is exercised upon equitable principles, and in accordance with the maxim that " equality is equity." This equitable rule has been embodied in the statute in respect to the distribution of money arising from the sale of the land of the lunatic, for the payment of debts, which declares that the proceeds shall be distributed ratably among all the creditors. (2 Rev. Stat. 54, § 15 ; Code of Civ. Pro., § 2364.) There is no express statutory provision regulating the mode of distribution of the personal assets, but it cannot be doubted that when the assets are insufficient to pay all the debts in full, the same rule of equality

should be applied. In view of this principle the relief sought by the petitioner was properly denied.

The lunacy of Strasburger did not discharge or affect his covenants in the lease. The rent accruing after the appointment of the committee became a charge upon his estate, and was a demand which the petitioners could present and have adjusted in the ordinary course of administration. A claim for rent under a lease, whether accruing before or after the appointment of a committee, has no intrinsic preference over other debts of the lunatic. The lessor has his remedy by re-entry in case of default in payment of the rent, or he may forego his right to terminate the term, and come in as a general creditor of the estate for the rent unpaid. There may be equitable reasons upon which the court in a particular case ought to give a preference for rent accruing after the appointment of the committee. If the leased premises are occupied by the committee, and such occupation is to the advantage of the estate, as where it was necessary in order to carry on or close up the business of the lunatic, the rent accruing during such occupation would justly be regarded as a reasonable expense incurred by the committee to be paid before the claims of general creditors. But we perceive no equitable principle upon which a demand for rent takes preference of other debts, in the absence of a special equity growing out of the circumstances of a particular case. It is claimed that the occupation of the premises for a time by the first committee was an acceptance of the lease by him, and that he thereby became liable as assignee of the term, and that the present committee succeeded to his situation and responsibility. If this claim was well founded, it would be material only as bearing upon the general equity of the committee, to be protected against liability, by charging the fund in his hands with the rent before paying the general creditors. But we are referred to no authority which sustains the proposition that the committee of a lunatic becomes charge-able as assignee of a lease held by the lunatic, by reason of his occupation of the premises after his appointment.

It is well settled that a receiver, or an assignee in bank-ruptcy, or an assignee for the benefit of creditors, if he elects to accept a lease belonging to the debtor, or assignor, becomes by such election assignee of the lease and personally liable on the covenant to pay rent, of which liability he can only dis-charge himself by an assignment or surrender. (*Copeland* v. *Stephens*, 1 Barn. & Ald. 594; *Thomas* v. *Pemberton*, 7 Taunt. 206; *Clark* v. *Hume*, 1 Ryan & M. 207; *Carter* v. *Warne*, 4 Carr. & P. 191; *Martin* v. *Black*, 9 Paige, 641; *Journeay* v. *Brackley*, 1 Hilt. 447; *Lewis* v. *Burr*, 8 Bosw. 140.) This doctrine proceeds on the ground that on the election being made, the receiver or assignee becomes vested with the title to the leasehold interest, and a privity of estate is thereby cre-ated between the lessor and the receiver or assignee, by virtue of which the latter becomes liable on the covenants running with the land. But the committee of a lunatic takes no title to the real or personal estate of a lunatic. He is a mere bailiff to take charge of the property of the lunatic, and to administer it subject to the direction of the court. His possession is the possession of the court. (*In re Heller*, *supra*; *Noe* v. *Gibson*, 7 Paige, 513; *Petrie* v. *Shoemaker*, 24 Wend. 84, 85; *Lane* v. *Schermerhorn*, 1 Hill, 97.) It follows as a necessary conse-quence from the nature of his office and the fact that the title to the lunatic's property is not divested by the appointment of the committee, that the occupation by the latter under a lease to the lunatic, is in the character of servant, agent or bailiff, and creates no privity of estate between him and the lessor. The facts in this case did not call upon the court to inter-vene for the protection of the committee, nor do they furnish any ground for equitable preference of the claim of the peti-tioner. The lunatic's estate is largely insolvent; the commit-tee has not, in fact, occupied the premises during any portion of the quarter for which rent is claimed; the petitioner was notified by the present committee on his appointment, that he would not occupy the premises; the continuance of the lease was a disadvantage to the estate, and the remedy of the peti-tioner to oust the sub-tenant and to regain possession of the

premises, was complete. The lessor has a claim against the lunatic's estate, upon which he can come in with the other creditors. It would be inequitable, under the circumstances, to give him a preference.

The order of the General Term should be affirmed.

All concur.

Order affirmed.