FRANCIS T. WALTON, Appellant, *v.* WILLIAM H. MEEKS et al., as Administrators, etc., Respondents.

The vendee in a contract for the sale of land, in the absence of fraud or bad faith, aside from purchase-money paid and expenses of examination of title, is only entitled to recover nominal damages for breach of contract, on the part of the vendor, arising from his inability to convey a good and marketable title; nothing can be recovered for improvements made, or for the increased value of the premises produced by them.

In an action for the specific performance of a contract for the sale of certain premises, it appeared that A. died intestate seized of the premises; that plaintiff entered into possession under a lease executed by the administrator of A. and two children of a sister. By the lease plaintiff had the privilege of purchasing, and in contemplation of his electing to do so made permanent improvements. It appears that the vendors acted in good faith, believing they were the sole heirs of A.; they were treated by her as such heirs after making a diligent effort to ascertain whether any of her brothers and sisters, or any other descendants of them were living, and so far as appeared A. died without other heirs. The trial court found that title was not such as plaintiff was entitled to receive, and so that he was justified in declining to accept a deed tendered by defendants, and that he was entitled to recover as damages his expenses of examining the title, but could not recover the amount he had expended in improvements. *Held*, no error.

*Gibert* v. *Peteler* (38 N. Y. 165), distinguished.

Reported below, 41 Hun, 311.

(Argued March 6, 1890; decided March 21, 1890.)

*Ante*, p. 70.

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 28, 1886, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*J. A. Shoudy* for appellant. The court below erred in limiting the plaintiff's recovery to the extent of the expenses of searching the title. (*M. E. C. Home* v. *Thompson*, 108 N. Y. 618 ; *Miller* v. *White*, 71 id. 118 ; *Conger* v. *Weaver*, 20 id. 140 ; *Margraf* v. *Muir*, 57 id. 155 ; *Timby* v. *Kinsey*, 18 Hun, 255 ; *Pompelly* v. *Phelps*, 40 N. Y. 59 ; *Cuff* v. *Dorland*, 57 id. 560 ; *Hopkins* v. *Lee*, 6 Wheat. 109 ; *Hermburg* v. *Ismay*, 3 J. & S. 41 ; *Brinkerhoff* v. *Phelps*, 24 Barb. 100 ; 43 id. 469 ; *Waterman on Spec. Perf.* 733.)

*Charles H. Machin* for respondents. The defendants Berry, not having been in default in the performance of their agreement, plaintiff was not entitled to recover more than nominal damages. (*Margraf* v. *Muir*, 57 N. Y. 155 ; *Cockcroft* v. *N. Y. & H. R. R. Co.*, 69 id. 201 ; *Conger* v. *Weaver*, 20 id. 140 ; *Bush* v. *Cole*, 28 id. 261 ; *Peters* v. *McKeon*, 4 Den. 546 ; *Mack* v. *Patchin*, 42 N. Y. 167.) The only possible ground upon which the plaintiff could recover for the enhanced value of the property was to establish the fact that the defendants could not convey the legal title to the property. (*Nelson* v. *Plimpton*, 55 N. Y. 480 ; *Beecher* v. *Conradt*, 13 id. 108 ; *Lester* v. *Jewett*, 11 id. 453 ; *Johnson* v. *Wygant*, 11 Wend. 48.) The plaintiff was not entitled to have included, as an item of damage, the value of the improvements put by him upon the premises. (*Putnam* v. *Ritchie*, 4 Paige, 390 ; *Pike* v. *Butler*, 4 N. Y. 360 ; *Peters* v. *McKeon*, 4 Den. 546.)

BRADLEY, J. The subject of the action is a contract made by the defendants Berry and the administrators, etc., of Ann McCabe with the plaintiff, by which they demised to him for

the term of three years and six months from November 1, 1879, at the annual rent of $2,000, a dwelling-house and premises in the city of New York, and the furniture and statuary therein; and they agreed to sell to him the house, premises and property in case he elected, on or before November 1, 1880, to purchase the same at the price of $31,000. The plaintiff did elect to make the purchase, and thereupon the other parties to the contract were ready and tendered to him a deed of conveyance of the premises and a transfer of the other property referred to. The plaintiff declined to accept the conveyance for the reason, as he asserted, that they were unable to convey a marketable title. The plaintiff thereafter brought this action, and, after setting forth the contract and alleging his readiness to complete the purchase and the reasons which led him to decline to accept the deed which the defendants offered him, he demands judgment for specific performance of the contract or for damages in the event those parties are unable to specifically perform it. In contemplation of his election to purchase, the plaintiff made some improvements upon the house, which he alleges amounted in value to upwards of $4,000.

The defendants claim title to the premises as the sole heirs at law of Ann McCabe, who died intestate, having the title. The trial court found and determined that the title claimed by those defendants was not such as the plaintiff was entitled to receive under his contract, that they did not have and had not furnished him with sufficient or competent evidence that they were the sole heirs at law of Ann McCabe; and that the plaintiff was entitled to recover as damages $339, the amount of his expenses of examining the title. The court also found that the plaintiff had made permanent improvements on the premises, and determined that the plaintiff was not entitled to recover anything on that account by way of damages. The main question for consideration arises upon the exception to that conclusion. The court has not found, nor can it be assumed upon the evidence, that the defendants, Francis S. and James S. Berry, in claiming to be the sole heirs of Miss.

McCabe, acted in bad faith. The evidence tended to prove that they were so treated by her after having made quite a diligent effort to ascertain whether any of her brothers and sisters or any descendants of them other than those two Berrys, who were the children of her sister, were living. There was opportunity for inference or belief upon the proofs produced that she died without other heirs. The defendants furnished to the plaintiff all the evidence they had, and apparently all they were able to obtain on the subject, and it was such as to permit the inference that they acted in good faith upon the belief that they were the sole heirs of their deceased aunt, and as such had title to the property. It does not appear that they were not so or that they did not have a good title to the property, although it did not necessarily appear that there might not be some other heir who could assert some claim to an interest in the property. While for the latter reason the plaintiff was justified in declining to accept the deed, the fact that it did not appear that those defendants did not have the title they claimed to have, relieved them from the imputation of bad faith in undertaking to convey the property to the plaintiff. And when that conclusion was reached, the case was brought within the rule quite well settled that the vendee in a contract for the sale of land is not entitled to recover, aside from purchase-money paid and expenses of examination of the title, other than nominal damages as for breach on the part of the vendor arising from his inability to convey a good or marketable title. (*Conger* v. *Weaver*, 20 N. Y. 140; *Pumpelly* v. *Phelps*, 40 id. 59; *Leggett* v. *Mut. Life Ins. Co.*, 53 id. 394; *Cockcroft* v. *N. Y. & H. R. R. Co.*, 69 id. 201.)

It is, however, urged that inasmuch as the improvements were made by the plaintiff in reliance upon the expectation of the plaintiff to receive a good title founded upon the defendants' agreement to convey it, he is entitled to recover the amount expended by him in making them. It is difficult to see how that claim of the plaintiff can be supported. In a contract for the sale and conveyance of land is an implied

warranty of title on the part of the vendor. (*Burwell* v. *Jackson*, 9 N. Y. 535.) And the same rule of damages is applied as against the vendor in an executory contract of sale of land, who is unable to perform by reason of a defect in his title as is applicable to an action upon covenants of title in a deed for breach. And it is the settled doctrine in this state that without the aid of fraud or bad faith, nothing can be recovered for improvements made or for the increased value of the premises produced by them. (*Peters* v. *McKeon*, 4 Den. 546; *Pitcher* v. *Livingston*, 4 Johns. 1; *Kinney* v. *Watts*, 14 Wend. 38, 41.)

In the case of *Gibert* v. *Peteler* (38 N. Y. 165), cited by the plaintiff's counsel, the vendees went into possession of the premises under a contract which required them to expend a specified amount in permanent improvements upon the premises as a condition to entitle them to a deed, and they were made accordingly. It turned out that there was a restrictive provision in the conveyance under which the vendor held the title that materially impaired the beneficial use of the premises, and although it was made to a prior grantee, the court held that inasmuch as such deed was recorded, it should be assumed that the plaintiff had notice of it when he made the contract to sell to the vendees. In an action by the vendor against the vendees to recover the possession of the land, it was held that the latter had an equitable lien on the premises for the amount expended by them in making improvements made by them pursuant to the requirement of the contract. That case does not seem necessarily to have any application to the question in the present one, nor does it modify the rule above stated.

The judgment should be affirmed.

All concur.

Judgment affirmed.