In the Matter of OSCAR STRASBURGER, an Adjudged Lunatic.

The lunacy of a lessor does not discharge or affect his covenants in a lease executed before he was adjudged a lunatic; his estate, in the hands of a committee, will be liable for whatever damages his lessees have sustained because of a breach of a covenant for quiet enjoyment, and to the extent of such damages they are general creditors, and entitled to have their claim ascertained and paid in due course of administration

The committee, however, owes no duty to the lessee of specific performance of the lunatic's covenants, and when the estate is chargeable with damages consequent upon their breach, it is entitled to the protection which the law extends to innocence in measuring such damages.

In the absence of fault upon the part of a lessor, the lessee can recover for a breach of a covenant of quiet enjoyment only such rent as he has advanced, and such *mesne* profits as he is liable to pay over.

S., who was the lessee of a building in the city of New York, sublet portions thereof to S. & A. D., which they in turn sublet to solvent tenants at largely advanced rentals. S. was thereafter adjudged a lunatic, and a committee appointed of his estate, which was insolvent. The D.'s made a payment of a quarter's rent in advance to the committee. The rent under the lease to S. not having been paid, he instituted summary proceedings to recover possession, and all the sub-tenants were dispossessed. Thereafter the committee, under order of the court, refunded to the D.'s the proportion of the rent so paid in advance for the portion of the quarter unexpired at the time of the dispossession. Upon a claim presented by the D.'s against the estate for damages, *held*, that they were entitled only to nominal damages.

Reported below, 56 Hun, 164.

(Argued February 5, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 14, 1890, which affirmed a judgment disallowing a claim against the estate of Oscar Strasburger, a lunatic, for

damages to the claimants caused by their being dispossessed of premises leased to them by the lunatic.

Oscar Strasburger was adjudged a lunatic prior to September 17, 1884. On that day Albert Strasburger was appointed committee of his estate and qualified, and thereafter assumed to dischage his duties as such committee. January 15, 1885, Albert Strasburger, having tendered his resignation, Eustace Conway was duly appointed such committee in his place, and he qualified and entered upon his duties as such committee. February 6, 1882, and December 6, 1883, Oscar Strasburger, by written leases, leased to the appellants the first, third, fourth and fifth lots of the building known as numbers 50, 52 Howard street and 16 Mercer street in the city of New York, for terms expiring February 1, 1886, at the annual rental of $4,500 per year. The appellants entered into possession of said premises under said leases, and before September 20, 1884, sublet them in several parcels by written leases to various parties at rents aggregating $7,700 per year for the entire term of their leases from Strasburger, except a small parcel which was orally rented for one year at $100 rent. All the under tenants of the appellants were in possession of their respective parcels and all were solvent. Strasburger was himself the tenant of the owner of the entire building and premises aforesaid under a lease whereby he had agreed to pay his landlord $10,500 yearly rent. After Strasburger was adjudged a lunatic and while Albert Strasburger was committee of his estate, the rent falling due November 1, 1884, to the owner of the premises was not paid. Albert Strasburger, as committee, however, demanded payment of the appellants of the rent in advance November 1, 1884, for the quarter ending February 1, 1885, and they paid it to him. Prior to November 20, 1884, the owner of the premises and landlord of Oscar Strasburger instituted summary proceedings for non-payment of rent, and made the appellants and their under tenants parties to the proceeding. Judgment of dispossession was rendered, and on November 20, 1884, the appellants and their under tenants were all dispossessed.

The difference between the rent paid by the appellants and that received by them from their under tenants was $3,200 per annum, amounting from November 20, 1884, to the end of their term, February 1, 1886, to $3,831. The rental received by the appellants from their sub-tenants was reasonable. The estate of the lunatic is insolvent.

After their dispossession the Special Term, upon the application of the appellants and upon proceedings duly taken, directed the committee of the lunatic to refund to the appellants such portion of the rent paid by them to him November 1, 1884, in advance, as was for the unexpired portion of the quarter, at the time of their dispossession, and the committee repaid the same to the appellants.

After the last mentioned order, but before payment under it, Eustace Conway, as committee of the estate of the lunatic, pursuant to an order made by the Special Term, upon his application, gave notice to all the creditors and persons having claims against the lunatic or his estate to present the same, etc. The appellants presented this claim. Such proceedings were had that afterwards an order was made referring all claims to a referee, and thereupon this claim among others duly came to a hearing before the referee and the facts as above stated appeared and were found.

It also appeared by the evidence taken before the referee that before the owner of the premises took the proceedings for dispossession he told the appellants he would, upon payment of the rent in default, if the committee of the lunatic would consent, substitute the appellants as his tenants in place of the lunatic; that one of the appellants and the agent of the owner then visited the committee and asked him to pay the owner the rent due November 1, 1884, and refund to the appellants the rent paid by them in advance to February, 1885, and allow the appellants to assume the tenancy of the entire premises as from November 1, 1884, and conclude an agreement with the owner to that effect. The committee refused his consent and the proceedings to dispossess followed.

The appellants' claim for damages was disallowed.

*Joseph Fettretch* for appellants. The rule of damages is the difference between the yearly value of the premises and the rent reserved. (*Trull* v. *Granger*, 4 Seld. 115; *Dodd* v. *Nakes*, 114 N. Y. 265.) The damages sustained by the appellants are the result of a breach of a contract, but which breach was the personal act of the committee, and the committee must be sued personally. (*In re Otis*, 101 N. Y. 583.) In the instance of an absolute and general contract the performance is not excused by an inevitable accident or other contingency, although not foreseen by or within the control of the party. (*Harmony* v. *Bingham*, 2 Kern. 99–115 · *Tompkins* v. *Dudley*, 25 N. Y. 275 ʼ

*Eustace Conway* for respondent. Albert Strasburger individually is responsible to appellants (if anyone) for exceeding his authority, at all events not the lunatic's estate. (*People* v. *Tax Comrs.*, 100 N. Y. 215; *In re Otis*, 101 id. 585; *Peck* v. *Ingersoll*, 7 N. Y. 528.) A tenant evicted by a superior landlord is not entitled to pecuniary damages as against his immediate landlord, in the absence of fraud or bad faith. (*Mack* v. *Patchin*, 42 N. Y. 171; *In re Otis*, 101 id. 580; *Cockroft* v. *N. Y. & H. R. R. Co.*, 69 id. 201; *Noyes* v. *Anderson*, 1 Duer, 342; 1 Sedg. on Dam. 320; *Statts* v. *Ten Eyck*, 3 Caines, 111; *Armstrong* v. *Percy*, 3 Wend. 540; *Kinney* v. *Watts*, 14 id. 38; *Burr* v. *Stanton*, 43 N. Y. 467; *Walton* v. *Meeks*, 120 id. 79; *Trull* v. *Granger*, 8 id. 115.)

LANDON, J. The lunacy of Strasburger did not discharge or affect his covenants in the leases to the appellants. (*Matter of Otis*, 101 N. Y. 580.) His estate is liable for whatever damages the appellants have sustained because of the breach of the covenant for quiet enjoyment in the leases given to them by him. To the extent of such damages, they are general creditors and entitled to have their claim ascertained in order to be paid in the due course of administration. (Id.) But the question is, what is the measure of their damages? The appellants claim that it is the value of the unexpired term,

less the rents reserved. This would be so if the breach of the covenants for quiet enjoyment resulted from the fault of Strasburger. (*Mack* v. *Patchin*, 42 N. Y. 167.) But the general rule is, in the absence of fault in the lessor, that the lessee can recover only such rent as he has advanced, and such mesne profits as he is liable to pay over. (Id.; see *Walton* v. *Meeks*, 120 N. Y. 79.) The committee has already repaid the appellants the rent advanced by them upon the portion of the quarter beyond their actual occupancy, and there were no mesne profits which they were liable to pay over. If Strasburger had been sane and had refused to pay the rent to his superior landlord, and thus had refused to protect his covenants with the appellants, the damages for the breach would have been measurable by the rule first stated. But he became a lunatic and the breach followed from his misfortune, not his fault.

It is urged that his committee ought to have paid the rent, and thus have protected the lunatic's covenants. But why should the committee pay it? The estate was insolvent, and it does not appear that it was for its interest to make the payment. It might be better for the estate to incur whatever damages might result from the breach of the covenants than to expend the money necessary to protect them. The appellants could themselves have protected their possession by paying the superior landlord the rent due him. (*Peck* v. *Ingersoll*, 7 N. Y. 528.) The committee takes no title to the lunatic's estate; he is a mere bailiff to take care of it and administer it under the direction of the court. (*Matter of Otis, supra; People ex rel. Smith* v. *Commissioners of Taxes*, 100 N. Y. 215.) He owed no duty to the appellants of a specific performance of the lunatic's covenants, and when the estate became chargeable with damages consequent upon their breach, the estate was also entitled to the protection which the law extends to innocence in measuring such damages. Indeed, the burden was upon the appellants to prove the facts which would take this case out of the general rule of damages, and bring it within the exceptions. The burden has not been suc-

cessfully borne.    The appellants were only entitled to nominal damages.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.