(50 App. Div. 463.)

MASON v. SCOTT et al.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

MORTGAGES—FORECLOSURE—SALE—DEFECTIVE TITLE—PURCHASER—RELEASE.

Where it appears that a mortgage of certain premises was executed by one of two tenants in common, and by certain heirs of the other, but did not appear, by any record or competent evidence, that there were not other heirs who might assert title or interest in the premises, an order releasing a purchaser at foreclosure sale from his bid for the premises was proper.

Appeal from special term, Kings county.

Suit by Alfred De Witt Mason against Minnie H. Scott and others to foreclose a mortgage. From an order releasing Annie Sholtz, purchaser at the sale, from her bid, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

H. H. Snedeker, for appellant.

Henry A. Uterhart (John J. Graham, on the brief), for respondent.

PER CURIAM.   There were several objections to the title in this case, but it is necessary to call attention to only one of them, as that is amply sufficient to sustain the order appealed from.   In 1892, Ella E. Hopkins was seised in fee simple of an undivided one-half of the mortgaged premises, in common with her sister Minnie H. Scott, having acquired title under the will of her mother, Elizabeth Scott.   The mortgage foreclosed in this action was executed on October 9, 1896, by Minnie H. Scott, Ella E. Hopkins, Fred S. Hopkins, and Lydia Hopkins, his wife.   It is alleged in behalf of the plaintiff that the first Ella E. Hopkins, to whom the property was thus devised in 1892, died intestate in 1893, leaving as her only heirs the Ella E. Hopkins and Fred S. Hopkins who are two of the above-named mortgagors.   This fact, however, is not made to appear by any record, nor is it sufficiently proved in the present proceeding.   We have nothing on the subject here except the affidavit of one of the attorneys for the plaintiff, in which he states that he has received the foregoing information from Fred S. Hopkins and Minnie H. Scott.   This is hearsay, without even the suggestion of an excuse for not producing the affidavits of the persons from whom the information was derived.   The mortgage did not cover the whole title, unless it was executed by all the heirs of the first Ella E. Hopkins, and the proof that all such heirs did join in it was defective.   As in the case of Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115, it did not necessarily appear that there might not be some other heir who could assert some claim to an interest in the property.   In the case cited the court of appeals held that for this reason the plaintiff therein was justified in declining to accept the deed, and on like grounds we think that the purchaser in the present proceeding was entitled to be relieved from her bid.

Order affirmed, with $10 costs and disbursements.