REID v. JOHNSON.

(Supreme Court, Special Term, Westchester County. October, 1909.)

1. VENDOR AND PURCHASER (§ 130*)—RIGHTS OF VENDEE—MARKETABLE TITLE.
   A vendee is entitled to a marketable title free from reasonable doubt.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 245; Dec. Dig. § 130.*]

2. PROCESS (§ 96*)—SERVICE BY PUBLICATION—AFFIDAVIT.
   An affidavit for an order for service of summons by publication, alleging that one of the defendants could not, after due diligence, be found within the state, and, as deponent was informed and believed, was residing and last resided in Greenwich, Conn., but which failed to disclose what, if any, effort had been made to find and serve him within the state, or to state any reason why such effort, if made, would be useless, was insufficient to confer jurisdiction, and an order for publication based thereon was void.
   [Ed. Note.—For other cases, see Process, Cent. Dig. § 118; Dec. Dig. § 96.*]

3. VENDOR AND PURCHASER (§ 75*)—DELIVERY OF DEED—TIME.
   Where a deed to certain property was to be delivered to the purchaser on May 1, 1909, in consideration of a transfer of certain personal property and cash, and on that date the title was unmarketable, the vendee was not required to accept performance on July 1st following, she having in the meantime sold the personal property to others.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 113; Dec. Dig. § 75.*]

4. VENDOR AND PURCHASER (§ 337*)—BREACH OF CONTRACT—VENDEE'S DAM-
AGES.
Where a vendee refused to accept performance because the title was un-
marketable, she was entitled to recover the amount paid at the time of
signing the contract, the expense of a survey, for the examination of the
title, and for improvements on the premises, with interest, which amount
should be made a lien thereon.
[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §
985; Dec. Dig. § 337.*]

Action by Emily R. Reid against Beda Johnson. Judgment for
plaintiff.

J. Mortimer Bell, for plaintiff.
Harold Swain, for defendant.

MORSCHAUSER, J. This is an action to recover damages for an
alleged breach of a contract for the sale of a house and lot situate in
the city of Mt. Vernon, N. Y., and to impress a lien upon said premises
for the amount of said damages so sustained by plaintiff.

The contract, in writing, was entered into by plaintiff and defendant
on the 20th day of March, 1909, and by the agreement the deed was to
be delivered May 1, 1909. The purchase price agreed upon for the
property was $8,500, $6,200 in cash, and $2,300 by delivering a bill of
sale of certain personal property, consisting of machinery, etc., owned
by plaintiff, and for delivery of which to defendant, defendant agreed
to allow purchase on price of said property, the value of the same being
agreed upon between the parties at the sum of $2,300. Thereafter
plaintiff and defendant agreed that plaintiff should take possession of
the real property for the purpose of making certain improvements
thereon. On the 1st day of May, 1909, plaintiff refused to take the
deed of the property, because she claimed that defendant's title to said
property was defective, in that the defendant's title came through a
foreclosure of a mortgage in an action entitled, "Jennie A. Denman v.
Albert W. Mott and Others."

Plaintiff claims that the order directing the service of the summons
by publication in said action against Albert W. Mott was void, and
therefore Mott's equity of redemption was not cut off; that thereafter
the sale was adjourned three times at defendant's request, and on May
18, 1909, plaintiff refused to grant any further adjournment and so in-
formed defendant, and gave up possession of the property to defend-
ant. The plaintiff was justified in refusing the deed offered by de-
fendant. The objection was good, as Mott's equity of redemption had
not been foreclosed because the order of publication in the foreclosure
action was void.

The plaintiff was entitled to a marketable title, free from reasonable
doubt. The proof upon which the order directing service of the sum-
mons by publication was based in the foreclosure action through which
defendant received his title was imperfect, in that the affidavit alleged
"that Albert W. Mott, one of the defendants herein, cannot after due
diligence be found within this state, and that, as deponent is informed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and believes, is now or was last residing in Greenwich, Conn.," and which disclosed no effort to find the defendant to serve him within the state, nor stated any reason why such effort if made would be useless, is insufficient to confer jurisdiction, and an order of publication based thereon is void. Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800.

Defendant asks for specific performance because he tendered a deed executed by Mott and a release of the judgment. This was some time after the personal property had been sold, and after plaintiff had refused to grant any further adjournment. There were several judgment creditors of Mott who had been served in the foreclosure action; and I believe there is some question of doubt under these circumstances whether the title was marketable. Regardless of this, however, I think to ask the plaintiff to wait from May 1, 1909, to about July 1, 1909, would be unreasonable. The ownership of the personal property that the defendant was to accept in delivery of deed had been changed. The property was held until June 26, 1909, when sold. She could not now obey a judgment directing specific performance. Baumeister v. Demuth, 84 App. Div. 394, 82 N. Y. Supp. 831. The defendant acted in good faith, honestly believing that at the time he entered into the contract to convey he had a good title.

The plaintiff is entitled to recover $850, the amount paid at the time of signing of contract, $15 for survey, $86.80 for examining title, and $100 for improvement of premises, in all $1,056.80, with interest. Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107; Gibert v. Peteler, 38 N. Y. 165, 97 Am. Dec. 785; Walton v. Meeks et al., 120 N. Y. 79, 23 N. E. 1115. This amount is a lien upon the real property. Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937, 127 Am. St. Rep. 862. Plaintiff is entitled to costs. Settle findings on notice.