(Surrogate's Court, Dutchess County. December, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 469*)—SURROGATE'S COURT—JURISDICTION.

The Surrogate's Court has jurisdiction of proceedings by the administrators of a deceased incompetent to compel the administrators of the deceased committee of the incompetent, appointed by the County Court, to settle an account of the proceedings of such committee.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2000–2013; Dec. Dig. § 469.*]

In the matter of the estate of Ann Elizabeth Hall. Decree rendered, compelling administrators to account.

John Hackett, for petitioners.

Charles W. H. Arnold, for administrators of deceased committee, Thomas Wright.

HOPKINS, S. This controversy arises over the jurisdiction of this court to compel an accounting by the administrators of Thomas Wright, deceased, who was, during his lifetime, committee of the person and estate of Ann Elizabeth Hall, an incompetent person, upon the application of the duly appointed administrators of the estate of said incompetent, now deceased; the representatives of the deceased committee claiming that the Dutchess County Court, by whom said committee was appointed, has exclusive jurisdiction to compel such accounting. The record in this proceeding establishes the following facts, which are apparently conceded:

That on October 20, 1886, the intestate, Ann Elizabeth Hall, was duly declared to be an incompetent person in proceedings duly had in the Dutchess County Court, and on October 23, 1886, Thomas Wright was, by an order of said court, duly appointed the committee of her person and estate, and continued to act as such until his death, which occurred in the forenoon of November 20, 1911; that said incompetent person died in the Hudson River State Hospital, thereafter, and in the evening of the same day on which the death of her said committee occurred; that letters of administration upon the estate of Ann Elizabeth Hall were duly granted to Susan Jane Hall and Annie Hall Butler by this court, December 6, 1911, and they are now acting as such administrators; that, on December 4, 1911, letters of administration upon the estate of Thomas Wright, deceased, were duly granted by this court to Phebe Wright, Charles L. Wright and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lewis T. Wright, who are now acting as such administrators. The administrators of the estate of Thomas Wright, the deceased committee, after their appointment, took possession of the personal property of the deceased incompetent person, amounting to more than $10,000, and commenced a proceeding in the Dutchess County Court for an accounting. Prior thereto the petitioners herein instituted this proceeding to compel the Wright administrators to render their account in this court and to pay over and deliver to said petitioners the property of Ann Elizabeth Hall, deceased.

The question presented to me to determine is whether the County Court, which appointed the committee, or the Surrogate's Court, is the proper tribunal to entertain the accounting between the personal representatives of the deceased committee and the personal representatives of the deceased incompetent person. I have carefully read and weighed the able and exhaustive briefs presented by the opposing counsel, but in none of the cases cited are the facts upon which the decisions were rendered similar to the facts established in the case before me, and therefore it leaves this court without an established precedent to follow. The County Court obtained no title to the property of the incompetent person by the proceedings for the appointment of a committee, either before or after such appointment. The title to her property still remained in the incompetent person, until it was all expended by the committee, for her care and maintenance, or until she was divested of it by death.

Section 2344 of the Code of Civil Procedure provides:

"Where a person, of whose property a committee has been appointed, as prescribed in this title, dies during his incompetency, the power of the committee ceases; and the property of the decedent must be administered and disposed of, as if a committee had not been appointed. The committee may, in such case, render to the court by which he was appointed, a final account of his proceedings, touching the property of the incompetent."

Said section also directs the form in which the accounts shall be presented and the form of the affidavit appended thereto, subscribed by the committee. It seems to me it must follow that the language of the law cannot be interpreted or construed to mean any more than it says in plain and concise words, and the section above quoted applies to a committee who survives the incompetent person; and it cannot, in my opinion, be extended to the personal representatives of a committee, who predeceases the incompetent person. The committee took no title to the property of the incompetent person. He was merely an agent or officer of the court, appointed to take charge of the property and administer it subject to the court's direction. Matter of Otis, 101 N. Y. 580–585, 5 N. E. 571. Upon the death of the incompetent, the power and function of the committee ceased, and the property of the decedent passed to her personal representatives, to be disposed of under the direction of the proper Surrogate's Court having jurisdiction thereof. In Carter v. Beckwith, 128 N. Y. 312, 320, 28 N. E. 582, 584, the court said:

"But, on the death of a lunatic who is under a commission, the power of the committee ipso facto terminates, and his real and personal property, if he dies intestate, descends to his heirs and personal representatives, in the

same manner as if he had been of sound mind and memory. There is no longer any necessity that the court should exercise a summary jurisdiction in administering the lunatic's estate for the payment of debts or charges, and there seems to be no good reason why any claim thereon, legal or equitable, should not thereafter be adjusted and settled in the ordinary course of administration, as in other cases."

It is urged that the County Court should hold possession of the funds for the purpose of fixing the amount of the commissions, fees, and services of the committee. Such would have been the case had the committee survived the incompetent. That court, by the death of the committee and the death of the incompetent, has lost jurisdiction of both the person and estate of the incompetent, and the control of the committee and the property of the incompetent that came into his hands. There is no hardship to any one in laying down this rule, as all claims, legal and equitable, against the said lunatic, due and owing to the committee, in his lifetime, may be presented by his legal representatives as a claim against the estate of said incompetent and determined and adjusted in this court.

It is also argued that this accounting should be had in the County Court, in order that the sureties upon the official bond of the deceased committee may be discharged, and that said court is the only one having such power. I cannot coincide with this contention, for the reason that, upon the accounting in this court, if it is established that all of the property of the incompetent which came into the hands of the committee has been accounted for and turned over to the administrators of the incompetent by the administrators of the committee, it follows that the decree of this court shall provide that, not only the administrators of the committee, but the committee and the sureties upon his bond be discharged from liability on account of the trust imposed. Before the sureties can be reached, the committee must have committed some act of omission or commission, in relation to his duty, in order to create a liability against him or them. On the other hand, if it should be established that the legal representatives of the committee could not account in full for the incompetent's property, or that there was a deficiency that could not be obtained out of the committee's property, the amount of such shortage or deficiency would be ascertained, fixed and decreed by this court; and, if not paid by the committee's representatives, an action could be brought in the proper court to recover such shortage or deficiency from the sureties upon the committee's bond. I fail to see how the County Court could do more.

It is therefore my opinion that the Surrogate's Court has sole and exclusive jurisdiction to compel this accounting between the administrators of the committee and the administrators of the incompetent, and that the jurisdiction of the County Court ended with the death of the incompetent and the committee.

Decreed accordingly.