### Susan Gerry *vs.* Enos Howe, executor.

Middlesex.   January 11. — February 21, 1881.   Colt, J., absent.

A. gave written directions to B., who had charge of the funds standing in A.'s
   name in a savings bank, to draw from the bank a certain sum and give it
   to C.   The paper was presented to B., who declined to draw the money, al-
   though afterwards verbally requested by A. to do so.   After A.'s death, B.
   was appointed executor of his will, and was again requested to pay the money,
   but refused.   *Held*, in an action by C. against B., that there was no evidence
   of a perfected gift by A. in his lifetime.

Contract, brought for the benefit of Eliza F. Sweetser
against the executor of the will of Minerva H. Gerry, to recover
$100, alleged to have been given to the plaintiff by the testatrix
in her lifetime for the use of Eliza.   Trial in the Superior
Court, before *Pitman*, J., who reported the case for the deter-
mination of this court in substance as follows:

The plaintiff offered to prove that she and Eliza were sisters;
that, a few days before the transaction in question, Minerva gave

an order for $300, signed by her, which was presented to the defendant, who had charge of the funds standing in her name in the Stoneham Five Cents Savings Bank, amounting to $2000, and he thereupon drew the $300 from the bank and handed it to her son, Elbridge Gerry, as requested by her, for Eliza ; that, on August 4, 1878, the following paper was written by the nurse of Minerva, on the day of its date and signed by the latter : " Mr. Howe, I want you to take one hundred dollars out of the bank for me, and not let Abby know it, and hand it to Susan ; " that it was then presented to the defendant, who declined to draw the money ; that the defendant afterwards saw Minerva, who told him that she wanted him to draw the money and pay it to Susan ; that he tried to have her change the gift, but she refused and wanted him to pay it to Susan at once ; that the $300 and the $100 were to be held in trust for Eliza by Susan and her husband, Elbridge Gerry ; that the defendant never obeyed said direction ; that Minerva died in September 1878, and the defendant was named and appointed executor ; and that, after his appointment, he was again requested to pay over the $100, which he refused to do.

The judge ruled that these facts, if proved, would not support the action ; and directed a verdict for the defendant. If there was a case for the jury, the verdict was to be set aside and a new trial had ; otherwise, judgment on the verdict.

*A. V. Lynde*, for the plaintiff.

*W. B. Stevens*, for the defendant.

LORD, J. An intent to give is not a gift ; nor is an executory agreement or promise without consideration a gift. We have nothing to do with the propriety or impropriety of the defendant's action in reference to the request to appropriate money to the benefit of the plaintiff. It is to be presumed, in this as in all cases where nothing to the contrary appears, that every person acts properly and reasonably ; and there would be danger of doing injustice if the court should undertake to decide whether conduct, not involved in the issue to be decided, should be regarded judicious or not. Whatever motives were actuating or purposes were governing the deceased, Minerva H. Gerry, this is certain, she never gave the plaintiff the one hundred dollars which she sues for, either to her own use or to that of any other

person. And there is no evidence in the case which tends to establish the right of the plaintiff otherwise than by an absolute and perfected gift in the lifetime of Minerva; and it is so clear that no such gift was thus perfected, that it is difficult to understand upon what ground it is claimed.

*Judgment on the verdict.*