In the Matter of the Claim of JOHN B. LORD, Respondent, against the Estate of SAMUEL E. HASLETT, an Incompetent Person.

BROOKLYN TRUST COMPANY et al., as Committee of the Property of SAMUEL E. HASLETT, an Incompetent Person, Appellants.

**Incompetent persons — when committee of an incompetent not required to pay a claim which the incompetent, if restored to health, would probably not have paid.**

In a proceeding to compel the committee of an incompetent to pay the expenses of the petitioner in an action brought against him, it appeared that the petitioner, acting upon his own initiative, took charge of the property of the incompetent and looked after him and his affairs, when his mind became impaired; in so doing the petitioner questioned the validity of a power of attorney given by the incompetent

to another, and caused such attorney in fact and another to be indicted for conspiracy. The defendants were acquitted. Thereafter they brought actions against petitioner for malicious prosecution, which actions were compromised and settled by petitioner, who now asks that the expenses of defending the actions and the amount paid by him on the settlement be repaid him out of the estate of the incompetent. The committee of the incompetent was not a party to the actions against petitioner or consulted with reference thereto. *Held*, that the petition sets forth no facts sufficient to sustain an order requiring the committee of the incompetent to pay any part of the claim.

*Matter of Haslett*, 188 App. Div. 208, reversed.

(Argued October 1, 1919; decided October 14, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 6, 1919, which reversed an order of the Kings County Court denying an application for an order directing the committee of the property of Samuel E. Haslett, an incompetent person, to pay the expenses incurred by petitioner in defending certain actions brought against him for malicious prosecution and sending the petition back to the County Court for consideration.

The following question was certified: " Does the petition herein state facts sufficient to justify the court in granting to the petitioner equitable relief as prayed for therein? "

The facts, so far as material, are stated in the opinion.

*Jackson A. Dykman* for appellants. Petitioner's conscious wrongdoing gives no right to indemnity. (*Gilbert* v. *Finch*, 173 N. Y. 455; *St. John* v. *St. John's Church*, 15 Barb. 346; *Bridgeport Fire Ins. Co.* v. *Wilson*, 34 N. Y. 281; *Vil. of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550.)

*Conrad Saxe Keyes* for respondent. The court having the custody of the estate of an incompetent person has power to grant this application. (*Matter of Heeney,*

2 Barb. Ch. 326; *Matter of Strickland*, L. R. 6 Ch. App. 226; *Matter of Carysport*, Cr. & P. 76; *Matter of Whitbread*, 2 Mer. 299; *Matter of Whitaker*, L. R. 42 Ch. Div. 119; *Matter of Willoughby*, 11 Paige, 257; *Matter of Larnier*, 68 App. Div. 320; *Matter of Andrews*, 56 Misc. Rep. 15; *Matter of Wallace*, 172 App. Div. 544; *Matter of Maxwell*, 218 N. Y. 88.) An agreement of indemnity should be implied in law. (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464; *Carter* v. *Beckwith*, 128 N. Y. 312; *Kent* v. *West*, 33 App. Div. 112.)

McLaughlin, J. The committee of the property of Samuel E. Haslett, an incompetent person, appeals to this court from an order of the Appellate Division, second department, reversing an order of the County Court of Kings county, which dismissed the petition of the respondent for the payment of a claim against the estate of Samuel E. Haslett, and sending the matter back to the County Court for further consideration. The Appellate Division certified the following question: "Does the petition herein state facts sufficient to justify the court in granting to the petitioner equitable relief as prayed for herein?"

The question presented, therefore, is whether, upon the facts set out in the petition, the County Court should have directed the payment of the claim, either in whole or in part.

The petition alleges, in substance, that on the 18th of March, 1912, Samuel E. Haslett was adjudged an incompetent person and the appellants appointed a committee of his property; that for many years prior to his being adjudged an incompetent, the petitioner had acted as his legal adviser and assisted him in that connection in many ways; that in the latter part of April, 1911, Haslett's mind became impaired to such an extent that in the early part of 1912 the petitioner took charge of his residence, looked after his comfort, etc.; that on

the 15th of February, 1912, the petitioner was informed that Haslett had delivered to one Gardner a power of attorney to act for him with reference to his property; that upon acquiring this information the petitioner went to the residence of Haslett, found him confined to his bed in the care of a nurse named Decker, from whom he learned that Haslett had, in fact, given such power of attorney; that Gardner, acting under the same, had taken charge of Haslett's residence, and between the 15th and 18th of February refused to admit the petitioner and other persons having business relations with him; that by reason of the facts stated, the petitioner feared Decker and Gardner were engaged in a conspiracy to obtain control of the person and property of Haslett; that thereupon he consulted with a magistrate and laid the facts before him, with the result that the magistrate issued a summons to one Samuels, a relative of said Haslett upon the return of which a preliminary investigation was conducted, where it appeared that a power of attorney dated February 15, 1912, purporting to be executed by Haslett, and giving to Gardner full power and authority over the person and property of said Haslett, was produced; that the petitioner examined the same and reached the conclusion that the signature thereon was not genuine; that the magistrate, at the conclusion of the hearing, issued a warrant for the arrest of Decker and Gardner upon the charge of conspiracy; that they were arrested, subsequently indicted, placed upon trial, and in 1916 acquitted; that following their acquittal each commenced an action against the petitioner to recover damages for malicious prosecution; that the petitioner appeared in each action by attorneys retained by him and interposed answers; that about the time the cases were ready for trial the petitioner, acting under the advice of his attorneys, retained trial counsel, who advised him to settle and compromise the actions, which he did by paying to each plaintiff $1,000; that his expenses in

defending the actions, including the amounts paid to the plaintiffs, amounted to $7,788.39, and he asked that an order be made directing the committee to pay this amount out of Haslett's estate.

I am of the opinion that the County Court was right in dismissing the petition. The County Court held there was no authority in law to justify the payment of the claim or any part of it, and with this view I fully agree. The petitioner, a third party, acting upon his own initiative, took steps which resulted in the arrest, subsequent indictment and trial of Decker and Gardner. His acts were unjustified, and had the incompetent been restored to health he would have been under neither a legal nor moral obligation to pay the claim. The committee stands in precisely the same position. It was not made a party to the proceeding, nor was it consulted, so far as appears, as to the settlement and compromise.

Attention is called by the respondent to *Matter of Heeney* (2 Barb. Ch. 326) as justifying the payment of this claim. It falls far short of it. There, the incompetent, when in full possession of his faculties, adopted two young women. He had likewise paid his sister an annuity and had supported three old women by fixed allowances. These facts the chancellor held satisfied him beyond all reasonable doubt that the lunatic, if in good health, would have continued such support.

*Matter of Willoughby* (11 Paige, 257), cited by the respondent, is not in point. There, the application for an allowance for a stepdaughter of the lunatic was denied because the chancellor was not satisfied that the lunatic would, if restored to his reason, consider her as having a claim upon his bounty. The denial was also placed upon the grounds that the opposing affidavit showed that the lunatic did not consider her as an adopted daughter and because she had property of her own.

All of the authorities, so far as I am aware, where

allowances of this character have been made, are upon the theory that the lunatic would, in all probability, have made such payments if he had been of sound mind (*Matter of Heeney, supra; Matter of Farmers' L. & T. Co.*, 181 App. Div. 642; affd., 225 N. Y. 666; *Matter of Earl of Carysfort*, 1840, Craig & P. 76) or where proceedings have been instituted to have it adjudged that the lunatic has been restored to health and to have the committee discharged. (*Carter* v. *Beckwith*, 128 N. Y. 312; *Matter of Larner*, 68 App. Div. 320.)

In the instant case there is not a single fact set forth which would justify the court in reaching the conclusion that if the incompetent were restored to health he would pay the claim or any part of it. In this connection it is to be noted there is nothing in the petition to indicate the size of the incompetent's estate, or that if the payment were made it would not entirely exhaust it. I lay little stress upon this, however, because the view which I take of the application is that if the incompetent were restored to health, there would be, upon the facts presented, certainly no legal, nor do I think any moral, obligation on his part to indemnify the petitioner for the expenses incurred by him in defending the actions referred to.

The order appealed from should, therefore, be reversed and the order of the County Court affirmed, with costs in this court and the Appellate Division. The question certified should be answered in the negative.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur.

Order reversed, etc.