ELMER F. BURROWS, administrator, *vs.* GLADYS T. BURROWS.

Suffolk.   November 28, 1921. — March 2, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Bank check not presented before death of drawer. *Gift, Inter vivos, Causa mortis.*

The provisions of G. L. c. 107, § 212, that a bank check "of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check," are applicable to a check which is for a sum equal to the whole amount on deposit with the bank to the credit of the drawer.

The mere delivery of a personal check upon a commercial account of the drawer with a trust company, without any valuable consideration moving from the payee or person to whom it is delivered, does not constitute a valid gift, although such delivery is accompanied with the delivery of the donor's pass book relating to such commercial account.

If the drawer of a check, drawn upon a commercial deposit with a trust company and delivered without valuable consideration to the payee, dies before the check is presented for payment, the order for payment is revoked and the check is invalid either as a gift *inter vivos* or as a gift *causa mortis.*

G. L. c. 107, § 17, protecting a bank from liability by permitting it to pay a check or demand draft drawn on it by a depositor having funds on deposit to pay the same, notwithstanding the depositor's death, upon presentation within ten days after its date, does not affect the rights of the parties to an action by the administrator of the estate of the drawer of a check against the payee to recover the amount paid by a trust company to the payee where it appears that the check was drawn and was delivered to the payee without valuable consideration before the death of the intestate but was not presented to the trust company for payment until three days after his death.

CONTRACT OR TORT, by the administrator of the estate of Mabel E. Burrows, late of Scituate, against her daughter with a declaration as amended in three counts for $659.63, alleged to have

been withdrawn improperly from an account of the intestate in the Commonwealth Trust Company upon a check signed by the intestate and delivered to the defendant before the death of the intestate but not presented until after her death. Writ in the Municipal Court of the City of Boston dated July 8, 1920.

Material facts found by the judge in the Municipal Court are described in the opinion. The plaintiff there asked for the following rulings:

"The giving of a check without consideration on a bank which is not presented for payment prior to the death of the drawer, is not good delivery as against the administrator of the drawer's estate.

"If a check is drawn on a bank intended as a gift without consideration and the check is given to the payee and before it is presented for payment the drawer dies, the gift is not completed by delivery and the drawee is not entitled to the funds.

"A gift of checks under the circumstances shown here is not good as against creditors."

The judge refused to rule as requested, found for the defendant and, at the request of the plaintiff, reported the case to the Appellate Division. The Appellate Division ordered that an entry be made: "Finding vacated. Judgment for the plaintiff for $689.83." The defendant appealed.

The case was submitted on briefs.

*C. Toye, C. Halligan, Jr. & E. F. Murray,* for the defendant.

*H. L. Pratt & F. J. Geogan,* for the plaintiff.

CROSBY, J. This is an action brought by the administrator of the estate of Mabel E. Burrows to recover the proceeds of a check, drawn by the intestate against a deposit of the intestate in the commercial department of the Commonwealth Trust Company and payable to the order of her daughter who is the defendant. The husband of the intestate is the plaintiff. The circumstances respecting the making and delivery of the check briefly stated are as follows:

The intestate, who had been in poor health, went to Florida where she stayed from December, 1919, until April, 1920. She was accompanied by the defendant. The latter testified that on April 12, 1920, they boarded a train in Florida to return to their home in Scituate in this Commonwealth; the next morning

while on the train the mother complained of being ill; that she then told the defendant to get her check book, pen and bank book and bring them to her; that her mother then made the check in question, dated April 16, 1920, payable to the order of the defendant in the sum of $700, and said to her, "Gladys, this is for you. I want you to have it. You are young and you will need it," and handed her the check, together with her pass book issued by the trust company. She further testified that her mother died on the night of April 13, 1920, while on the train; that she kept the check and pass book until she cashed the check at the trust company on April 16, 1920; that the money on deposit with the trust company was money her mother had earned and saved and deposited in her own name.

The question is whether the defendant is entitled to retain the proceeds of the check, or is bound to account therefor to the administrator of her mother's estate.

There is no evidence which would warrant a finding that there was any valuable consideration for the delivery of the check. Although the defendant's counsel contends that the trial judge may have found that the defendant, being of full age, did not accompany her mother to Florida and minister to her wants without expecting to be paid for her services, there is no evidence to support that contention. The claim that the delivery of the check to the defendant was a valid gift either *inter vivos* or *causa mortis* cannot be sustained, nor could it be held to be a valid equitable assignment of the "entire deposit" even if it appeared that the check was for the entire deposit.

G. L. c. 107, § 208, defines a check as follows: "A check is a bill of exchange drawn on a bank payable on demand." Section 212 provides that "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." *Carr* v. *National Security Bank,* 107 Mass. 45. *Beauregard* v. *Knowlton,* 156 Mass. 395.

If the check was for a sum equal to or in excess of the whole amount of the deposit due the intestate, instead of for a part of it, the provisions of § 212 would not be rendered inapplicable. As the check of itself did not operate as an assignment of any part of the funds, it did not so operate as to the whole of

them; in other words, § 212 applies to the whole fund on deposit as well as to part of it. The general rule is well established, in this and many other jurisdictions, that the mere delivery of a donor's personal check or promissory note of itself does not. constitute a valid gift, as it is revocable at any time before its presentation for payment, and is revoked by the death of the donor. *Parish* v. *Stone,* 14 Pick. 198. *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425. *Gerry* v. *Howe,* 130 Mass. 350. *Bartlett, petitioner,* 163 Mass. 509, 514, 515. *Mason* v. *Gardner,* 186 Mass. 515. *Beak* v. *Beak,* L. R. 13 Eq. 489.

The delivery by the donor to the defendant of the bank pass book with the check did not make the gift valid. By delivery of a savings bank book a gift may be shown, and may be proved by the presentation of the bank book unaccompanied by an assignment. The reason for this is because of the peculiar character of such a bank book, as was pointed out in *Pierce* v. *Boston Five Cents Savings Bank; supra; Foss* v. *Lowell Five Cents Savings Bank,* 111 Mass. 285. An ordinary pass book, however, stands upon a different footing. Its production is not necessary to the withdrawal of funds; the presentation of a check or other order being required for that purpose. The production of the pass book will not entitle a depositor to withdraw any part of his deposit.

The death of the drawer before the check was presented for payment operated as a revocation of the order and rendered it invalid either as a gift *inter vivos* or a gift *causa mortis.* Cases which relate to gifts by a donor of promissory notes or other choses in action of third persons stand upon a different footing and have no application to the facts in the case at bar. *Grover* v. *Grover,* 24 Pick. 261. *Slade* v. *Mutrie,* 156 Mass. 19.

G. L. c. 107, § 17, protects a bank from liability by permitting it to pay a check or demand draft drawn on it by a depositor having funds on deposit to pay the same, notwithstanding his death, upon presentation within ten days after its date; this statute does not affect the rights of the parties in the case at bar.

. The order of the Appellate Division vacating the finding of the trial judge and ordering judgment for the plaintiff for $689.83 must be affirmed.

*So ordered.*