**CITY BANK FARMERS TRUST CO. v. HOEY, Collector of Internal Revenue.**

District Court, S. D. New York.
June 10, 1938.

Montgomery, Peabody, Grace & Derby, of New York City (J. Seymour Montgomery, Jr., James Lloyd Derby, and Frederic H. Poor, Jr., all of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is one at law to recover taxes paid under the Gift Tax Act of 1932. The Act (26 U.S.C.A. § 550) imposes a tax on transfers of property by gift in the year 1932 and later years, but not on transfers by gift made on or before the enactment of the Act, June 6, 1932. The plaintiff moves for judgment on the pleadings under rule 112 of the New York Rules of Civil Practice.

The case shown by the complaint is this: Helen Hall Vail was adjudged incompetent by the New York Supreme Court in 1926 and the plaintiff was appointed committee of her property. By order of court, January 14, 1927, the committee was directed to make annual payments of $50,000 to the incompetent's daughter and $50,000 to the guardian of three infant grandchildren out of the incompetent's income. The order included a finding of fact that the incompetent would have made such allowances if she had been in possession of her mental faculties. By later order, June 3, 1932, the court directed the committee to pay, out of the incompetent's income and in addition to the amounts directed by the earlier order, $6,250 quarterly to the daughter and a like sum quarterly to the guardian of the grandchildren; also to pay out of accumulated income $131,250 to the daughter and a like sum to the grandchildren's guardian, such sums representing $25,000 a year for five years past; also to pay $6,250 to each of them as the quarterly payment due March 31, 1932, of additional allowances covered by the order. By this order the court directed the committee to sell specified securities to raise the money necessary to make the payments. The order, like the earlier order, was based on a finding that the incompetent would have made such allowances if she had been possessed of her mental faculties.

The committee made the payments of $131,250 at dates between June 21, 1932,

and July 1, 1932, and thereafter made the regular periodical payments directed by the two orders until the death of the incompetent on December 27, 1935. On all payments made by the committee to the incompetent's daughter and grandchildren after June 6, 1932, it paid gift tax for the calendar years 1932, 1933 and 1934 under protest and filed claims for refund which were rejected. The complaint demands recovery for such taxes, on the theory that the transfers made out of the incompetent's property were completed prior to June 6, 1932 in contemplation of law, and therefore were not subject to tax.

The defendant's answer admits the allegations of fact in the complaint. An affirmative defense is pleaded. Discussion of the affirmative defense is not required, since I am of the view that the complaint shows no ground for recovery of the taxes paid.

■■■ The payments made by the incompetent's committee to the daughter and grandchildren by direction of the New York Supreme Court were gifts. By New York law a court of equity in charge of an incompetent's estate has power to order payments to be made out of the estate in favor of persons whom the incompetent was under no legal obligation to support, provided the court is convinced that the incompetent would make such payments if in his right mind. Such payments have the status of gifts made by the incompetent acting through the court. Matter of Heeney, 2 Barb.Ch. 326; Matter of Farmers' Loan & Trust Co., 181 App.Div. 642, 168 N.Y.S. 952, affirmed 225 N.Y. 666, 122 N.E. 880; Matter of Lord, 227 N.Y. 145, 124 N.E. 727; Matter of Flagler, 248 N.Y. 415, 162 N.E. 471, 59 A.L.R. 649. In exercise of the power the court issues an order to the committee of the incompetent's estate to pay the money or deliver the property, the committee being simply the court's bailiff or custodian. Matter of Otis, 101 N.Y. 580, 5 N.E. 571; Matter of Strasburger, 132 N.Y. 128, 30 N.E. 379; Haher v. Hamilton, 267 N.Y. 474, 196 N.E. 403. The only question then is whether the gifts in this case were made before passage of the Gift Tax Act, June 6, 1932, for if they were they are not taxable by express provision of the Act.

■■■ In New York as generally elsewhere a transfer of property by gift is not effective until delivery by the donor. The delivery must be as perfect as the nature of the property and the surroundings of the parties will reasonably permit. A symbolical or constructive delivery will sometimes suffice, but only when the conditions are so adverse to actual delivery as to make symbolical delivery as nearly complete as the circumstances will allow. Delivery to a third party in behalf of the donee is enough, yet handing the property to an agent of the donor with directions for delivery to the donee is no delivery. Gray v. Barton, 55 N.Y. 68, 14 Am.Rep. 181; Beaver v. Beaver, 117 N.Y. 421, 22 N.E. 940, 6 L.R.A. 403, 15 Am.St.Rep. 531; Gannon v. McGuire, 160 N.Y. 476, 55 N.E. 7, 73 Am.St.Rep. 694; Matter of Van Alstyne, 207 N.Y. 298, 100 N.E. 802; Vincent v. Rix, 248 N.Y. 76, 161 N.E. 425. Where the gift is one made out of an incompetent's estate by court decree, the gift is not complete until delivery of the thing or money to the donee. The decree by itself does not pass title or give the donee anything. As to any money directed to be paid the court may revoke the order at any time prior to actual payment. What happens in such a case is that the court, acting for the incompetent donor, gives a direction to the committee, its bailiff, to deliver property or pay money to the donee. It is precisely as if a donor in his right mind tells his agent in possession of his money to pay a specified sum to the donee. There is no gift until the money is turned over. Vincent v. Rix, supra, at page 83, 161 N.E. 425. Not even the handing over of a check to the donee, where the check is drawn by the donor on his own bank account, constitutes a gift; until the check has been paid or accepted by the bank there is no valid gift. Harris v. Clark, 3 N.Y. 93, 51 Am.Dec. 352; Curry v. Powers, 70 N.Y. 212, 26 Am.Rep. 577; In re Swinburne, [1926] 1 Ch. 38. Burrows v. Burrows, 240 Mass. 485, 137 N.E. 923, 20 A.L.R. 174. So here there was no valid gift until the committee paid over the cash to the persons to whom the payments were to be made or until checks issued by the committee and delivered to those persons were paid or certified by the bank on which they were drawn.

■■■ It follows that the sums paid over by the committee to the incompetent's daughter and grandchildren after June 6, 1932 were gifts made after the enactment of the taxing statute and were subject to gift tax. It is of no importance that the orders of court under which the moneys were paid were made prior to the passage of the taxing statute. The plaintiff's case for recovery of the so-called "retroactive payments" of $131,250, paid on and after

June 21, 1932, is no stronger than for the later periodical payments. Since the motion for judgment on the pleadings, though made by the plaintiff, searches the record, and since the complaint is found not to set forth a cause of action for recovery of any taxes, the complaint will be dismissed and judgment entered for the defendant.