*822 OPINION OF THE COURT
Millard L. Midonick, S.
Petitioner, the mother and court-appointed guardian of a mentally retarded person, seeks to make a charitable donation of $50,000 out of the accumulated income of her ward’s property to the Fund for New Horizons for the Retarded, Inc. Although there have been a limited number of cases involving charitable gifts from the property of an incompetent, there are no similar cases for a mentally retarded person. Not only is this case novel in this respect, but the concept that the charity destined to receive the gift is one which allegedly will benefit the ward is novel and different from all previous cases.
Initially, this court was presented with the problem of whether or not to entertain the petition. When dealing with the property of an incompetent, the criteria for a charitable gift have been to determine what the incompetent would have done if he or she were competent at that time (Matter of Heeney, 2 Barb Ch 326; Matter of Kernochan, 84 Misc 565; Matter of Kenan, 261 NC 1, same, 262 NC 627; cf. Matter of Lord, 227 NY 145, 149-150). Moreover, there must have been a charitable inclination by the incompetent while he or she was still competent (Matter of Heeney, supra; Matter of Kenan, supra). Herein, however, the ward is a person who has never been capable of managing herself or her affairs and so, she has never been able to make a charitable gift herself.
If the intent of the gift was merely for the purpose of obtaining the charitable deduction from the income tax return for the ward, this court would have been constrained to refuse to entertain the petition (Matter of Turner v Turner, 61 Misc 2d 153). The facts as alleged in the petition, nevertheless, raised an issue as to the best interests of the ward. Accordingly, this court exercised its equitable powers and entertained the petition to allow the petitioner to demonstrate what are the best interests of the ward.
The guardian ad litem, who was appointed to protect the ward’s assets and who is knowledgeable and familiar with this problem, concluded that a hearing was warranted in which proof could be submitted to demonstrate the unusual suitability of the charity in question and how it would benefit her ward. Her expectation was that that proof would demonstrate the advantages to her ward of making the charitable gift.
At the hearing, the proof adduced demonstrated the follow *823 ing: Carol Hymes, the ward, is a person who is 27 years of age, but who has a mental capability of a second grader. She is presently at the Dr. Franklin Perkins School in Lancaster, Massachusetts. She has been an inmate or resident at that school for the last 14 years. That facility merely provides custodial care for Carol because of her physical age and the type of programs available. Consequently, in reality she is no longer under instruction of the school and does not receive any further programmed assistance.
Petitioner has been for a number of years searching for an adult facility which can provide Carol: (1) with a residential facility at which she could remain, if she chooses, for the rest of her life, (2) with a structured program, and (3) with continued educational and developmental training. Her search has been futile so far on two bases. First, the number of facilities which provide such services is extremely limited and second, the waiting lists at these few are exceedingly large. In fact, the model used for New Horizons, which is the New England Village in Pembroke, Massachusetts, has a waiting list of over 200 names and vacancies occur very infrequently.
New Horizons is designed as a residential and work program oriented environment in a village atmosphere to meet the individual’s need for self respect, companionship and love. More specifically, New Horizon’s intent is to supply educational and vocational training so that the individual can achieve his or her maximum potential under a lifetime of supervision. In some instances, that achievement will be reached outside of the village itself. Nevertheless, by providing the individual with a group of friends similarly situated and a residential environment, it is expected that he or she will become a happy, sociable, and productive person.
Carol is an individual who has been found to be a person for whom such a program is designed. The available alternatives, which range from institutional systems such as Willowbrook to nonresidential day programs, are neither appropriate nor helpful choices for Carol. Therefore, it is in Carol’s best interests that she be provided the opportunity to enter such a program as offered by New Horizons.
Unlike many retarded persons, Carol will never want for lack of funds. Her annual income has been at least double her yearly expenses. As a result, income is continually accruing. Moreover, the projected costs at New Horizons will be below her present yearly expenses for her care and will be about one *824 half the cost of other programs. Nevertheless, although the expectation is that New Horizons will open in September, 1980 for 20 adults, funds are needed immediately to cover operating costs so as to enable the program to flourish.
To reject the present application would be tantamount to denying Carol an opportunity which is otherwise unattainable. Creation and continuation of New Horizons is in Carol’s best interests. The State Attorney-General, who is a party to this proceeding, has accordingly not opposed the application. Consequently, the application is granted in the best interests of the ward.