T.C. Memo. 1999-406

UNITED STATES TAX COURT

ESTATE OF LUCILLE R. DEVLIN, DECEASED, C. RONALD LAMBERT,
EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8595-98.               Filed December 14, 1999.

Clark J. Grant, for petitioner.

Deanna R. Kibler and Albert B. Kerkhove, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  Respondent determined a deficiency in

petitioner's Federal estate tax in the amount of $25,735.95.

After concessions,[1] the sole issue for decision is whether

_____

[1]   Petitioner has agreed to all of the adjustments determined
by respondent in the notice of deficiency except the adjustment
relation to the issue herein decided.

decedent's gross estate includes gifts that were authorized by a State court order issued before decedent's death but were made after decedent's death.

The instant case was submitted fully stipulated pursuant to Rule 122.[2] The facts stipulated by the parties are incorporated herein by reference and are found as facts in the instant case.

C. Ronald Lambert is the executor of the Estate of Lucille R. Devlin and the son of Lucille Devlin (decedent). At the time the petition was filed, C. Ronald Lambert resided in Columbus, Nebraska. When she died, decedent was a resident of Columbus, Nebraska.

Decedent had another son, Randall T. Lambert, who married Patricia Lambert and had three children: Cynthia Lambert, Sandra Lambert, and Randall T. Lambert, Jr. C. Ronald Lambert married Charlotte K. Lambert and had three children: Mark Lambert, Kimberly Lambert, and Tiffanie Lambert.

On January 8, 1986, the county court of Platte County, Nebraska (county court), appointed Randall T. Lambert and C. Ronald Lambert, as guardians-conservators for decedent pursuant to Neb. Rev. Stat. sec. 30-2630(2) (Reissue 1995). Randall T. Lambert died on April 19, 1986. On August 28, 1986, the county

---

[2] Unless otherwise indicated all section references are to the Internal Revenue Code in effect at the time of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

court appointed C. Ronald Lambert as sole guardian-conservator for decedent.  During 1991, 1992, 1993, and 1994, C. Ronald Lambert, as decedent's guardian-conservator, made applications to the county court for authority to make certain gifts to decedent's son, daughters-in-law, and grandchildren.  The applications were granted, and the authorized gifts were made.

During 1995, C. Ronald Lambert, as decedent's guardian-conservator, applied to the county court for authority to make certain gifts.  On April 26, 1995, the county court issued an order (order) authorizing, but not requiring, C. Ronald Lambert to make gifts in cash in the following amounts to decedent's daughter-in-law and grandchildren:

| | |
|---|---|
| Randal T. Lambert, Jr. | $10,000 |
| Sandra Lambert | 10,000 |
| Cynthia Lambert | 10,000 |
| Mark Lambert | 6,666 |
| Kim Lambert | 6,666 |
| Tiffanie Lambert | 6,666 |
| Patricia Lambert Gulley | 10,000 |

The order also authorized, but did not require, C. Ronald Lambert to make a gift of real estate having a value of $20,000 to himself and his wife Charlotte K. Lambert as tenants in common.  Before decedent's death, C. Ronald Lambert, pursuant to the order, conveyed the real estate to himself and Charlotte Lambert as tenants in common.

On October 1, 1995, decedent died.  At the time of decedent's death, her estate possessed insufficient liquid assets

to make the cash gifts authorized by the order. On October 16, 1995, decedent's estate made the cash distributions authorized by the order. Decedent's estate's tax return claimed that the gifts made pursuant to the order, but after decedent's death, were not includable in decedent's gross estate. In the notice of deficiency issued by respondent in the instant case, respondent determined that those gifts were includable in decedent's gross estate for estate tax purposes.

Section 2001 imposes a tax on the taxable estate of every decedent who is a citizen or resident of the United States. The taxable estate is defined as the gross estate less deductions allowed. See sec. 2051. Section 2033 provides that a decedent's gross estate includes "the value of all property to the extent of the interest therein of decedent at the time of his death."

In the instant case, we must decide whether the gifts made to decedent's daughter-in-law and grandchildren pursuant to the order, but after decedent's death, are includable in decedent's gross estate. Respondent argues that such gifts were incomplete on the date of decedent's death and, accordingly, should be included in decedent's gross estate. Petitioner argues that on the date that decedent's guardian-conservator conveyed the real property to C. Ronald Lambert and Charlotte Lambert as tenants in common, decedent's guardian-conservator breached a fiduciary duty to the remaining beneficiaries covered by the order. That

breach, petitioner contends, resulted in a constructive trust on decedent's property to the extent of the gifts authorized but not yet made. Accordingly, petitioner argues that, when the remaining gifts were completed, they related back to the date of the creation of the constructive trust. Consequently, petitioner argues that such gifts should not be included in decedent's gross estate.[3] Petitioner bears the burden of proof. See Rule 142. That the instant case was submitted to the Court fully stipulated does not relieve petitioner of that burden. King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 517 (1992).

"State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." Morgan v. Commissioner, 309 U.S. 78, 80 (1940). Nebraska law provides, that in order for a conveyance to be a completed intervivos gift, there must be donative intent, delivery, and acceptance. See Lewis v. Poduska, 481 N.W.2d. 898, 902 (Neb. 1992). Although Nebraska courts have sustained gifts where delivery was incomplete, they have done so only where it is clear that the donor took all of the necessary steps to complete the gift and the possibility that completion of the gift might fail was in the hands of another party. See Rorabaugh v. Garvis,

---

[3] Although petitioner claimed on the estate tax return a deduction for the gifts made pursuant to the order, petitioner has conceded by stipulation that sec. 2053 does not support the deduction of those gifts from the gross estate.

252 N.W.2d 161 (Neb. 1977) (gift completed before the donor's death even though the bank did not complete the transfer of funds, because the donor had done all that was in her power to effectuate the gift).

For Federal gift tax purposes, a transfer of property is considered complete only to the extent that "the donor has so parted with dominion and control as to leave in him no power to change its disposition, whether for his own benefit or for the benefit of another". Sec. 25.2511-2(b), Gift Tax Regs. To evaluate whether a gift has been completed, we look to the "objective facts of the transfer and the circumstances under which it [the gift] is made". Sec. 25.2511-1(g)(1), Gift Tax Regs.

In the instant case, there is no indication that any steps were taken toward delivery of the gifts or the cessation of dominion and control over the property that was the subject of the claimed gifts. With the exception of conveying the real estate to C. Ronald Lambert and his wife, decedent's guardian-conservator took no steps to effect delivery of the other gifts authorized by the order. Indeed, immediately prior to the date of decedent's death, she had insufficient liquid assets to pay the authorized cash gifts. Petitioner has not shown that decedent's guardian-conservator took any steps to make the cash gifts authorized, but not required, by the order. Accordingly,

we find that, pursuant to Nebraska law, petitioner has not shown that the gifts made after decedent's death were complete on the date of decedent's death.

As to petitioner's argument that gifts authorized by the order were completed when decedent's guardian-conservator conveyed the real estate to C. Ronald Lambert and Charlotte Lambert, we disagree.  Neb. Rev. Stat. sec. 30-2646 (Reissue 1995) provides "In the exercise of his powers, a conservator is to act as a fiduciary and shall observe the standards of care applicable to trustees as described by section 30-2813".[4] Acknowledging that the Nebraska Supreme Court has not addressed the specific situation presented in the instant case, petitioner relies on White v. United States, 881 F. Supp. 688 (D. Mass. 1995).  In that case, a grantor created a trust which provided for distributions to the beneficiaries immediately after the first day of each successive year.  See id. at 690.  The trustees failed to make the required distributions for a number of years prior to the grantor's death (missed distributions).  See id.

_____

[4]    Neb. Rev. Stat. sec. 30-2813 (Reissue 1995) in turn provides:

> Except as otherwise provided by the terms of the trust, the trustee shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another, and if the trustee has special skills, or is named trustee on the basis of representations of special skills or expertise, he is under a duty to use those skills.

After the grantor's death the trustees made the missed distributions. See id. The U.S. District Court for the District of Massachusetts held that the missed distributions were completed gifts. See id. at 693. The District Court explained:

> The language of the trust required the trustees to make the distributions on the first of the year as to each year's distribution. Once this date passed, [the grantor] had transferred her control over the amount of the distribution. Otherwise stated, [the grantor's] power lapsed on the first of the year with respect to the distributions at issue. [The grantor] could not have canceled or amended the amount of a missed distribution which, under the mandatory language of the trust, became binding once the date for distribution passed. * * * [Id.]

The facts of the instant case are distinguishable from the facts of White. The language of the order does not require the gifts to be made. Nebraska law provided that, after a determination of incompetency, the court, either directly or through a conservator, can exercise all powers over the estate and affairs of the incompetent, including the power to make gifts. See Neb. Rev. Stat. sec. 30-2637(3) (Reissue 1995). That statute, however, requires that a conservator obtain court approval before making any gifts out of the incompetent's estate. See Neb. Rev. Stat. sec. 30-2654(b) (Reissue 1995).

Accordingly, after the issuance of the order, it was within the power of decedent's guardian-conservator to make the enumerated gifts, but he was not required to do so. Decedent, pursuant to Nebraska law, could have challenged that order prior

to her death.  See Neb. Rev. Stat. sec. 30-2637(5).  Moreover, petitioner has not shown that decedent's guardian-conservator could not have petitioned the county court for permission to amend or set aside its order.  Additionally, petitioner has not shown that pursuant to Nebraska law, the order vested in the donees any enforceable right to the gifts.

In contrast to White v. United States, supra, we think that the reasoning embodied in City Bank Farmers Trust Co. v. Hoey, 23 F. Supp. 831 (S.D.N.Y. 1938), affd. 101 F.2d 9 (2d Cir. 1939), more aptly applies to the facts of the instant case.  In City Bank Farmers Trust Co., the court issued an order authorizing certain gifts to be made out of the estate of an incompetent.  See id. at 832.  After the order had been issued but before the gifts were made, Congress enacted gift tax provisions of the Revenue Act of 1932, ch. 209, 47 Stat. 169.  See id.  The U.S. District Court for the Southern District of New York held that the gifts were not complete until their delivery.  See id. at 833-834.  Because the gifts were delivered after the enactment of the gift tax, a gift tax was due on the gifts.  See id.  The District Court explained:

> Where the gift is one made out of an incompetent's estate by court decree, the gift is not complete until delivery of the thing or money to the donee.  The decree by itself does not pass title or give the donee anything.  As to any money directed to be paid the court may revoke the order at any time prior to actual payment.  What happens in such a case is that the court, acting for the incompetent donor, gives a

direction to the committee, its bailiff, to deliver property or pay money to the donee. It is precisely as if a donor in his right mind tells his agent in possession of his money to pay a specified sum to the donee. There is no gift until the money is turned over. [Id. at 833.]

Finally, we disagree that, pursuant to Nebraska law, the date that the gifts were completed should be related back to the date that decedent's guardian-conservator conveyed the real property to C. Ronald Lambert and Charlotte Lambert as tenants in common. The Nebraska Supreme Court has defined a constructive trust as:

"a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property. * * * [Fleury v. Chrisman, 264 N.W.2d 839, 842 (Neb. 1978), quoting Box v. Box, 21 N.W.2d 868, 869 (Neb. 1946); emphasis supplied.]

We read Fleury as providing a constructive trust in the property conveyed, not property the transferee has not received, i.e., in the instant case, decedent's other property that had not been conveyed. Moreover, we are not convinced, based on the record in the instant case, that C. Ronald Lambert, as decedent's guardian-conservator, wrongfully conveyed the real property to himself and his wife. Nonetheless, assuming arguendo that C. Ronald Lambert was unjustly enriched by that conveyance, the proper remedy would have been to reconvey the transferred real

property back to decedent's estate.  See <u>Mischke v. Mischke</u>, 530 N.W.2d 235 (Neb. 1995) (the court required, under theory of constructive trust, that a brother who improperly conveyed decedent's property to himself, under power of attorney, at a time when decedent was alive but incapacitated, must reconvey the property to decedent's estate), affd. after remand 571 N.W.2d 248 (Neb. 1997).  Petitioner has not cited, nor have we found, any authority for the proposition that the Nebraska Supreme Court, faced with the facts of the instant case, would compel C. Ronald Lambert, as guardian-conservator of decedent's estate, to complete the remaining gifts authorized, but not required, by the order.  Accordingly, we hold that petitioner has not shown that the gifts made after decedent's death should relate back to the date prior to decedent's death that decedent's guardian-conservator conveyed the real property to C. Ronald Lambert and his wife.

Based on the foregoing, we hold that the gifts authorized by the order but made after decedent's death must be included in decedent's gross estate for estate tax purposes.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.