■ In the Matter of LINDA SALVATI, an Incapacitated Person. JULIE STOIL FERNANDEZ, Respondent. GEORGE J. McCORMACK, Nonparty, Appellant. [934 NYS2d 22]—

In 2003, the respondent was appointed guardian for Linda Salvati, who was then in her 80s and in a coma. Thereafter, as required by Mental Hygiene Law § 81.32, the guardian filed annual accounts for the years 2003 through 2007. The reports for 2003 through 2006 were reviewed by a court-appointed examiner and approved by the court "in the respects set forth in the Examiner's Report."

After Salvati died in November 2008, the guardian prepared a final report and account and commenced a proceeding seeking final approval and settlement pursuant to Mental Hygiene Law §§ 81.33 and 81.34, serving the executor as an interested party. The executor filed preliminary objections, and requested an opportunity to review the guardian's books and records and to obtain discovery concerning disbursements and property transactions. The court denied the executor's requests for relief, except as to the accounts for 2007 and 2008, which had not yet been approved by the court. The court ruled that the executor was collaterally estopped from objecting to the prior accountings and therefore not entitled to any discovery relating to transactions from 2003 through 2006. We conclude that the guardian has failed to make out the defense of collateral estoppel.

To invoke the doctrine of collateral estoppel, the guardian had to establish that the executor, the incapacitated person, or any representative on her behalf received notice and had an opportunity to be heard, or that the guardian ever sought permission to render an intermediate report upon notice pursuant to Mental Hygiene Law § 81.33. Without this proof, the annual accounts were merely ex parte proceedings, which cannot be binding on the executor in this proceeding (*see Matter of Haher v Hamilton*, 267 NY 474, 478-479 [1935]; *see also Matter of Lazarus*, 54 Misc 2d 593, 598 [Sur Ct, NY County 1967]; 7-99 Warren's Heaton, Surrogate's Court Practice § 99.03 [6] [2011]). No such proof was presented below. In the fiduciary accounting cases relied on by the guardian, the objectants had received notice and a "full and fair opportunity" to object in a prior accounting proceeding and were therefore precluded from relitigating matters previously determined by the court (*Matter of Hunter*, 4 NY3d 260 [2005]; *see also Matter of Van Deusen*, 24 Misc 2d 611 [1960]). Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.