■  In the Matter of Julie Stoil Fernandez, Esq., as Guardian of the Property and Co-Guardian of the Person of Linda Salvati, an Incapacitated Person, Now Deceased, Respondent;

GEORGE J. MCCORMACK, ESQ., Executor of LINDA SALVATI, Appellant. [8 NYS3d 108]—

Order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered June 25, 2013, which, among other things, granted respondent guardian's motion to confirm a referee's report, dismissed appellant executor's objections to the report, and awarded the guardian commissions, fees and disbursements, unanimously affirmed, with costs. Orders, same court and Justice, entered January 22, 2014, which granted the guardian's motions for attorneys' fees and bookkeeping fees, unanimously affirmed, with costs.

The court had jurisdiction to determine and resolve the outstanding guardianship and estate issues after the death of the incapacitated person (see Acito v Acito, 72 AD3d 493, 494 [1st Dept 2010]; see also Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 339 [1993]).

We reject the executor's contention that the discovery permitted by this Court in Matter of Salvati (Fernandez) (90 AD3d 406 [1st Dept 2011], lv dismissed 19 NY3d 939 [2012]) was improperly "truncated." The record shows that the executor and his counsel consented to the discovery schedule, and there is no showing that the executor had insufficient time to review the materials related to the accounts at issue.

The Referee's conclusions are supported by the record, and there is no basis for disturbing the Referee's credibility determinations (see Kardanis v Velis, 90 AD2d 727, 727 [1st Dept 1982]). The record does not support the executor's claims of due process violations, bias against him by the Referee, or misconduct by the guardian. The record shows that the Referee carefully reviewed all of the executor's claims and that the executor had a full and fair opportunity to present his objections to the court.

We have considered the executor's remaining arguments, including his request for additional time to file a reply brief, and find them unavailing. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.